ADOLPH C. MEYER, Trading as A. C. MEYER & Co.
*vs.* CHRISTIAN DEVRIES, M. A. VOGELER, and HER-
MAN D. UMBSTAETTER, Trading as THE CHARLES A.
VOGELER COMPANY.

### *Modification of Injunction—Appeal.*

An order was passed in certain equity proceedings, enjoining the
defendants therein from the further publication and dissemination
of a statement which had appeared in the *Baltimore American*, pur-
porting to be an abstract of a bill of complaint filed by them against
the complainant in said equity proceedings, charging that he had
infringed their trade-mark by which they designated a certain
medical preparation which they manufactured under the name of
" St. Jacob's Oil." The order also enjoined the defendants from
any other publication in reference to the suit brought by them.
Afterward on the petition of the defendants the Court modified
the injunction so as to permit them to make known to all persons
who might be interested, that a suit had been instituted by them
to restrain the complainant from selling " Salvation Oil," upon the
claim by them that the manufacture and sale thereof was an in-
fringement of their trade-mark, " St. Jacob's Oil," and that they
intended to endeavor to prevent all dealers from selling " Salvation
Oil," and to hold them responsible for violation of said trade-mark.
HELD:

1st. That this subsequent order changed and limited the original
injunction, effectually extinguishing it to the extent of its opera-
tion; and from this subsequent order an appeal would properly
lie.

2nd. That the equity Court did not err in passing such subsequent
order, it merely giving the defendants permission to exercise a right
which clearly belonged to them.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from an order modifying an in-
junction which had been previously issued. The case is
stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Thomas R. Clendinen*, for the appellant.

*Charles Marshall*, for the appellees.

BRYAN, J., delivered the opinion of the Court.

The appellant filed a bill in equity against the appellees in which it was alleged that they had published a certain statement in the *Baltimore American*, and that it was their purpose to disseminate and distribute it universally, as well in this State as elsewhere. This statement purported to be an abstract of a bill of complaint filed by the appellees against the appellant, charging that he had infringed their trade-mark by which they designated a certain medical preparation which they manufactured under the name of St. Jacob's Oil. The appellant's bill of complaint averred, with a particularity not neccessary now to repeat, that he would sustain irreparable damage unless the appellees were restrained from their proceedings, and prayed an injunction. The Circuit Court enjoined the appellees from the further publication and dissemination of the said statement, and from any other publication in reference to the suit brought by them. Afterwards, during the succeeding term, on the petition of the appellees, the Court modified the injunction so as to permit them to make known to all persons who might be interested, that a suit had been instituted by them to restrain the appellant from selling "Salvation Oil," upon the claim by them that the manufacture and sale thereof was an infringement of their trade-mark "St. Jacob's Oil," and that they intended to endeavor to prevent all dealers from selling "Salvation Oil," and to hold them responsible for violation of said trade-mark.

This order changed and limited the original injunction. It effectually extinguished it to the extent of its operation. Nothing more could be effected within its limits by the most formal order of dissolution. We think that an appeal properly lies from it. But we think that the Circuit Court did not err in passing it. There is no appeal from the original order for an injunction, and its propriety is not a question before us; but the modification subsequently made by the Court merely gave the appellees permission to exercise a right which seems to us very clearly to belong to them. The order merely authorizes the modification of a fact, to wit: the pendency of proceedings in Court. No reference is made to any discussion of the question involved, or anything tending in any way to anticipate or hinder the administration of justice at the hearing.

*Order affirmed with costs,*
*and cause remanded.*

(Decided 9th March, 1886.)