NANCY LESSANS *v.* SAMUEL LESSANS

[No. 27, January Term, 1945.]

*Decided April 12, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and MARKELL, JJ.

*Isaac Lobe Straus,* with whom was *J. Wallace Bryan* on the brief, for the appellant.

*Hyman Ginsberg,* with whom were *Robert L. Mainen* and *Ginsberg & Ginsberg* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

In a petition to the Circuit Court of Baltimore City on April 13, 1944, Nancy Lessans, appellant, alleged that the court had passed a final decree in 1940 ordering her husband, Samuel Lessans, appellee, to pay $45 per week as permanent alimony, and $15 per week for the support and maintenance of a minor child; that subsequently her husband had instituted a suit for divorce against her in the Superior Court of the State of Arizona in and for the County of Maricopa, wherein he fraudulently concealed the decree; that the Arizona court is without jurisdiction to entertain the suit because he is not a *bona fide* resident of that State; and that any decree rendered by the Arizona court would fraudulently extinguish her right to alimony. Acting upon the petition, the Circuit Court ordered (1) that the husband be restrained from prosecuting the suit for divorce, but that liberty be reserved to him to move for dissolution of the injunction after filing his answer to the petition, and (2) that he show cause why he should not be adjudged in contempt of court.

In his answer to the petition, the respondent denied that he went to Arizona in order to escape the obligation of the decree, or that he fraudulently concealed it from the Arizona court. He alleged that he went to Arizona for the purpose of establishing a home in that State, and that he had been a *bona fide* resident of Maricopa County for more than a year; that the Arizona Code provides that a divorce may be granted to a resident of the State when for any reason the husband and wife have not lived and cohabited together for a period of five years or more; that his wife appeared specially by counsel to contest the jurisdiction of the Arizona court, and such appearance had the effect of subjecting her to the jurisdiction of that court; that the Circuit Court never undertook to adjudicate upon the dissolution of the marriage, but merely assumed jurisdiction in a suit for alimony; and that the prosecution of his suit in the Arizona court would not fraudulently nullify her rights.

On August 7 the petitioner demurred to the answer, and on December 1 her demurrer was overruled. It was from the order overruling the demurrer that she entered an appeal to this court. At an early period of the common law, the right of appeal was conceded to litigants in all civil cases without restriction. But after it became generally known that the absolute right of appeal was frequently abused for the purpose of delay, steps were taken to correct the evil without materially impairing the benefit of the right. In Maryland the regulation of the right of appeal with the object of preventing its abusive exercise was the subject of early and repeated legislation. It was recognized that, if the progress of a suit in Chancery could be delayed by an appeal from any of the interlocutory orders in the case, the final decision might be interminably postponed. After reviewing the history of the law of appeal, Chancellor Bland declared: "The general rule of the common law, which postpones the exercise of the right of appeal until after the final judgment of the original court, is founded in sound sense; and, as is evident, should be as closely followed as practicable in allowing appeals from the Court of Chancery. Therefore, it has been held, that no appeal can be allowed in equity, but from a final decree; or from an order grounded on some disputed facts disclosed in the bill and answer involving the merits of the controversy; and which order, if executed, would subject the party to some irreparable grievance; * * * or from an order involving the merits, and which order could not be followed out without, in effect, depriving the party of the benefit of an appeal, or rendering any appeal thereafter, for correcting the error of such order, entirely nugatory * * *." *Ringgold's Case*, 1 Bland 5, 12, 13.

The Maryland statute relating to appeals from courts of equity now provides that an appeal shall be allowed "from any final decree, or order in the nature of a final decree." Code, 1939, Art. 5, Sec. 30. The appealability of a ruling upon a demurrer to a bill of complaint depends upon whether it is an order in the nature of a final decree

within the meaning of the statute. In other words, the test is whether it finally settles some disputed right or interest of the parties. In the application of the test, we hold that an order sustaining or overruling a demurrer to an entire bill of complaint is appealable because it decides the vital question of the right of the complainant to proceed with the case presented by the bill. When a defendant files a demurrer to the entire bill, he challenges the jurisdiction of the court or denies that the bill states such a case as he can be required to answer and defend; and when the chancellor rules on the demurrer, he finally settles a disputed right of the parties as far as he can possibly do so. If the demurrer is sustained, the complainant can appeal because the right to proceed with his case is finally settled against him. On the contrary, if the demurrer is overruled, the defendant can appeal because the decision finally determines the complainant's right to proceed with the case and imposes upon the defendant the necessity of making his defense. *Young v. Cockman,* 182 Md. 246, 34 A. 2d 428, 149 A. L. R. 1006. But the reasons which support the right of appeal from a ruling on a demurrer to an entire bill are not applicable where the court rules on the sufficiency of an answer. Whether the answer is sustained or disallowed, the complainant is left at liberty to press his suit. If the answer is held good, the issues of fact which it raises are still open for trial and decision. If it is held bad, the defendant may file another answer in the usual course of procedure. In either event, no disputed right or interest of the parties is finally settled, but the questions of fact remain open for determination by a final decree, on appeal from which the interlocutory rulings in the case may be reviewed by the Court of Appeals. We, therefore, hold that no appeal lies from an order either sustaining or overruling a demurrer to an answer, except where the case falls within one of the provisions of the statute permitting direct appeal from certain interlocutory orders. *Wilmer v. Placide,* 128 Md. 168, 97 A. 363; *Schill v. Remington-Putnam Book Co.,* 182 Md. 153, 32 A. 2d

296; 4 *C. J. S., Appeal and Error,* Sec. 116(11). In this case the order overruling the demurrer is interlocutory and not in the nature of a final decree.

It is contended that, even though the order is interlocutory, the petitioner has the statutory right to appeal under the section permitting an appeal "from an order dissolving an injunction." Code, 1939, Art. 5, Sec. 31. It appears that, although the Court of Chancery was one of the earliest tribunals of the Province, no appeal was ever allowed from any of its decrees until it was expressly provided for by the Legislature. *Ringgold's Case,* 1 Bland 5, 17. Prior to 1833 there was no provision in Maryland for an appeal from an order dissolving an injunction. *Dorsey v. Smith,* 2 Har. & G. 135. In 1833 the Legislature passed the first act allowing an appeal from such an order. This original act conferred authority upon any judge of the Court of Appeals to allow an appeal from an order dissolving an injunction, in case he should be of opinion that the Chancellor or the County Court sitting as a Court of Equity had erred in the order. Acts of 1832, Ch. 197; *Miller, Equity Procedure,* Sec. 323. It is now broadly held that the provision permitting an appeal from an order dissolving an injunction includes within its purview any order which changes and limits an injunction, so as to reduce its operation to the extent of the order. *Meyer v. Devries,* 64 Md. 532, 2 A. 915. But the order in this case overruling the demurrer to the answer neither dissolves nor reduces the operation of the injunction restraining the respondent from prosecuting his suit in Arizona. The injunction remains unaffected by the order.

As the order is interlocutory, and has not dissolved the injunction or reduced its operation, the appeal must be dismissed.

*Appeal dismissed, with costs.*