CHRISTIAN H. KAHL, ET AL. *v.* CONSOLIDATED GAS, ELECTRIC LIGHT & POWER COMPANY

[No. 77, October Term, 1947.]

656

*Decided February 18, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Herbert M. Brune,* with whom were *Michael Paul Smith, Geo. M. Berry, Johnson Bowie, Kenneth C. Proctor, Louis M. Riehl, Arthur W. Machen, Wm. Fell Johnson Edward H. Burke and J. Courtenay Jenifer* on the brief, for the appellants.

*Edwin M. Sturtevant, Alfred P. Ramsey* and *Paul S. Clarkson* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

These consolidated appeals are from the refusal of the Chancellor to issue, in each case, a temporary injunction pending a hearing on the merits.

The purpose of both bills was to restrain the defendant from constructing an overhead electric transmission line in the general neighborhood of Rockland, Baltimore County without having first obtained a special zoning permit to do so. Another phase of the controversy was before this Court in *Johnson v. Consolidated Gas, Electric Light & Power Co.,* 187 Md. 454, 50 A. 2d 918. The defendant filed answers to both bills, attacking the Zoning Regulations on constitutional and other grounds. Demurrers to the answers were interposed by the complainants, who also filed petitions for injunctions *pendente lite.* At the hearing, counsel for the Company stipulated in open court, which stipulation was confirmed in open court by its vice-president, that it would not proceed with any construction on the Texas-Mount Washington line in question until the issues involved were finally determined by the Court of Appeals, and that a temporary injunction might issue forthwith if it violated this agreement. The Chancellor then stated that he would reserve decision on the demurrers and petitions for injunction until completion of the testimony. No order or decree was signed by the court, but orders of appeal from the rulings were filed by the complainants. A consolidated trial of the cases on the merits proceeded to completion in the court below, but there has been no final decree.

The defendant has filed motions to dismiss these appeals on the ground that they are premature.

We think the Chancellor acted within the limits of his discretion in reserving decision on the demurrers until after a hearing on the merits. *Brooks v. Sprague,* 157 Md. 160, 165, 145 A. 375. Even if he had ruled on the demurrers to the answers, such rulings would have been interlocutory and not appealable at that stage of the case. *Lessans v. Lessans,* 184 Md. 549, 553, 42 A. 2d 132, 171 A. L. R. 1430.

The appellants contend, however, that the appeals lie, under section 35 of Art. 5 of the Code, from the "refusal to grant an injunction according to the prayer of the bill or petition". It is clear that an appeal will lie, under some circumstances, from an order refusing a preliminary injunction. *Safe Deposit and Trust Company v. Baltimore,* 121 Md. 522, 533, 88 A. 267. Compare, *Chesapeake Beach Hotel Co. v. Hall,* 121 Md. 643, 651, 89 A. 445. But it is fundamental that a preliminary injunction does not issue as a matter of right, but only where it is necessary in order to preserve the *status quo. High, Injunctions,* 4th Ed., Secs. 11 and 16. Compare, as to the effect of a disclaimer, *Whalen v. Dalashmutt,* 59 Md. 250. We do not find that the Chancellor abused his discretion in refusing the preliminary injunction in view of the defendant's stipulation and agreement to maintain the *status quo.* The Chancellor made no decision on the merits, nor shall we.

*Appeals dismissed, with costs.*