251 F.2d 561
 Benjamin STILLER and William B. Stiller, Kathryn G. Stiller, Mary Lou Burns, Michael Stiller, and Susan Stiller, d/b/a Quickey Sales Company, Defendants-Appellants,
v.
SQUEEZ-A-PURSE CORPORATION, Plaintiff-Appellee.
 No. 13305.
 United States Court of Appeals Sixth Circuit.
 January 23, 1958.
 
 Albert R. Teare, Cleveland, Ohio, (Bates, Teare & McBean, Cleveland, Ohio, J. William Freeman, Akron, Ohio, on the brief), for appellants.
 William R. Liberman, New York City, (Sanford Schnurmacher, Cleveland, Ohio, on the brief), for appellee.
 Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court restraining appellant Benjamin Stiller from prosecuting a suit for the infringement of his patent, then pending in the United States District Court in North Carolina.
 
 
 2
 Appellant had filed the suit in North Carolina against a sales agent of appellee, claiming that the sales agent knew that appellee company had manufactured the goods which he was selling; and that the appellee had infringed appellant's patent in manufacturing such goods for sale. The action in North Carolina was filed five days before appellee filed its action in the United States District Court in Cleveland, Ohio. It appears that appellee was a New York manufacturer, and appellant, a resident of Akron, Ohio. Prior to appellant's commencement of his action in North Carolina, appellee offered to accept service of process in New York, its place of business; and thereafter, appellant further offered to bring an action for a declaratory judgment in appellant's own district to determine the question of infringement.
 
 
 3
 Judge Jones, in the instant case, held that the fact that appellant had filed suit in North Carolina five days before the action was commenced in Ohio was not controlling, under the circumstances of the case, and that complete and final adjudication could be had by the real parties in the action before it. He, accordingly, on January 23, 1957, granted the motion restraining appellant from prosecuting the action in North Carolina. Thereafter, on January 25, 1957, appellant filed a motion to rescind the court's order on the ground that it did not have jurisdiction of all the parties and issues that were involved in the North Carolina action, which was supported by affidavits attached to the motion; that the district court, in the North Carolina action, was the first, and only, court having jurisdiction of all the parties involved; that the action had been set for pretrial conference and for trial; and that the order restraining appellant from prosecuting his infringement action operated to deprive him of the legal rights to which he was entitled under the patent laws of the United States. On February 13, 1957, the district court dismissed this motion, stating in its opinion that the motion was nothing more than an additional memorandum in opposition to the motion for the restraining order; that it cited no authority which had not been considered by the court before granting the restraining order; that the court was satisfied that priority in filing was only one of the factors to be considered in the determination of the motion, and deserved no greater weight than should be given to the fact that all issues involved could be decided in the District Court in Ohio, while all such issues could not be decided in the North Carolina suit.
 
 
 4
 On March 9, 1957, appellant renewed his motion to rescind the order of the court restraining him from prosecuting the action in North Carolina, supported, as he claimed, by newly discovered evidence consisting of the deposition of appellee's sales agent, which referred to twenty-five letters and also communications between appellee and its sales agent in North Carolina, all of which were produced through the subpoena of the sales agent, that was caused to be issued by appellant. It appears that all but two of the letters and communications were in existence before the entry of the order of the court denying appellant's motion to rescind the injunctive order. The other two letters above mentioned are not here controlling. There is no showing that such claimed new evidence could not have been discovered by subpoena or otherwise before the court's order of February 13, 1957, although that consideration is not of importance in this proceeding.
 
 
 5
 On April 24, 1957, the district court again entered an order denying appellant's motion for an order rescinding the judgment of the court entered on January 23, 1957; and on May 20, 1957, appellant filed a notice of appeal from the last named order.
 
 
 6
 Appellee submits that the appeal is not timely, inasmuch as the interlocutory order of injunction was granted on January 23, 1957; that this appeal is from that order of injunction; that more than thirty days elapsed before the claim of appeal was filed; that, therefore, under Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the appeal was not taken within the time limitation therein provided; and that the appeal, accordingly, should be dismissed.
 
 
 7
 It is the contention of appellant that, under the applicable statute, the appeal is timely. Title 28 U.S.C.A. Section 1292(1), relied upon by appellant, insofar as is here pertinent, provides: "The courts of appeals shall have jurisdiction of appeals from:
 
 
 8
 "(1) Interlocutory orders of the district courts of the United States, * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions * * *."
 
 
 9
 Appellant declares that his claim of appeal, filed May 20, 1957, is from the order of the court entered April 24, 1957; that under Rule 73(a) of the Federal Rules of Civil Procedure, he had thirty days from which to appeal the entry of the said order; and that his notice of appeal dated May 20 was, therefore, timely. In advancing this contention, appellant submits that under the statute, the court of appeals has jurisdiction of an interlocutory order in the district court refusing to dissolve an injunction, and that his appeal was from the interlocutory order of April 24, 1957, refusing his motion to dissolve the injunction. In reply to this contention, appellee submits that the injunction of the court dated January 23, 1957, was the order from which appeal should have been taken; that the subsequent motion of April 25, 1957, was, as held by the district court, only an additional memorandum in opposition to the original motion for an injunction. But, if we view this motion as a motion to dissolve the injunction, and the court's order of February 13, 1957, as an interlocutory order refusing to dissolve or modify the injunction, appellant's claim of appeal should have been, at the latest, filed thirty days from the entry of that order. Title 28 U.S.C.A. Section 1292 (1), providing that courts of appeals shall have jurisdiction of appeals from interlocutory orders of district courts, refusing to dissolve or modify injunctions, does not contemplate that a party may repeatedly move to dissolve an injunction, and, after repeated orders of denial, appeal from the last order of denial entered by the court, although, concededly, such an appeal would be untimely if considered as taken from the first order.
 
 
 10
 The appeal was, therefore, not timely filed, in compliance with Rule 72 (a) of the Federal Rules of Civil Procedure.
 
 
 11
 The district court held that complete adjudication could be had between all interested parties in the suit before it, but not in the action in North Carolina; and that there was no purpose in having two suits where one would suffice, citing Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. See also Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31; but in view of our determination on the timeliness of the appeal, we do not consider this question.
 
 
 12
 In accordance with the foregoing, the appeal is dismissed.