TYLER *v.* SECRETARY OF STATE ET AL.

[No. 244, September Term, 1962.]

*Decided per curiam October 18, 1962.*

*Opinion filed November 6, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Richard C. Murray* and *Roger C. Duncan,* with whom were *Michael Paul Smith* and *Claude A. Hanley* on the brief, for appellant.

*D. Heyward Hamilton, Jr.,* and *Cullen H. Hormes,* for James L. Llewellyn et al., appellees.

Submitted on brief by *John J. Caslin,* for Board of Election Supervisors, etc., appellee.

No brief and no appearance for Secretary of State, appellee.

MARBURY, J., delivered the opinion of the Court.

This is the second appeal to this Court involving the referendum concerning House Bill No. 496, sponsored by the appellant and enacted by the General Assembly of Maryland as Chapter 525 of the Acts of 1961. The opinion of this Court in the first appeal is reported in *Tyler v. Secretary of State,* 229 Md. 18, 184 A. 2d 101. After hearing oral argument on this appeal, we passed a per curiam order on October 18, 1962, affirming the order of Judge Raine in the court below, passed on October 2, 1962, from which this appeal is taken, without prejudice to the rights of the parties to seek and obtain final decision on the validity of the referendum petitions, either before or after the general election to be held on November 6, 1962. We now set forth our reasons for affirmance.

Following the decision of this Court on the first appeal the appellant filed a petition for a temporary injunction, directing the Secretary of State to refuse to certify the referendum petitions to the Board of Election Supervisors of Baltimore County, or, in the alternative, to withdraw certification if such had been given, and directing the Board to remove or delete Chapter 525 from the absentee ballots and to refrain from placing it upon the voting machines to be used at the election on November 6, 1962, until a final determination and adjudication by Judge Raine of the validity of the petitions. Judge Raine ordered the temporary injunction as prayed on September 17. The intervening defendants below and some of the appellees here (Llewellyn, et al.), filed a motion to dissolve the temporary injunc-

tion and a petition for a permanent injunction to require the placing of the referendum on the absentee ballots and on the voting machines. On September 25 the intervening defendants answered the allegations of the appellant as set forth in his amended bill of complaint. The appellant, on September 26, filed a motion for summary judgment as to 761 of the petition papers, supported by an affidavit of Mr. Sweeney, an assistant attorney general, that he was competent to testify and had personal knowledge of the facts that these 761 papers each had at least one improper signature. This would decrease the number of valid signatures below the required minimum. The intervening defendants answered the motion for summary judgment alleging that there was a material dispute of fact. At the hearing on the motions Judge Raine overruled appellant's motion for summary judgment, dissolved the temporary injunction, and granted the intervening defendants' petition for permanent injunction, placing the issue of Chapter 525 before the voters on November 6, 1962, pending further action of the court on the sufficiency of the petitions.

We agree with the appellant when he says that a court of equity may preliminarily enjoin a referendum vote prior to the hearing on the merits, citing *Sun Cab Co. v. Cloud*, 162 Md. 419, 159 Atl. 922, and also with his assertion that preliminary injunctions do lie when necessary to preserve a status quo. *Kahl v. Con. Gas, El. Lt. & Power Co.*, 189 Md. 655, 658, 57 A. 2d 331.

On the other hand, we have said that the granting or refusal of an injunction rests in the sound discretion of the chancellor, and his conclusions of fact will not be disturbed unless it very clearly appears that he made a mistake either of law or of fact and that the evidence does not support his conclusions. *Fox v. Ewers*, 195 Md. 650, 75 A. 2d 357. Considerable latitude is permitted to courts in dealing with injunctions. *Bishop Processing Co. v. Davis*, 213 Md. 465, 132 A. 2d 445.

Judge Raine, in his oral opinion, recognized that he was required to balance the relative rights and equities of all of the parties in reaching his decision. If he should decide that Chapter 525 should be placed on the ballot at the general elec-

tion of November 6, 1962, pending further action by the court on the sufficiency of the petitions, there were four definite possibilities which he had to consider. They were:

(1) The voters of Baltimore County might approve the act and the petitions might be found valid, which would result in injury to no one;

(2) the electorate might disapprove the act, but the petitions might be found insufficient, which would result in the act becoming law, so that the appellant would not be injured, and the intervening defendants would have had their day in court and could not complain;

(3) the electorate might reject the act, and the petitions might be found sufficient, so that the appellant, though his bill would not become law, would have the sufficiency of the petitions adjudicated under the applicable law and would suffer no legal deprivation; and

(4) the voters might approve the act and the petition might be found insufficient, which would mean that the act would become law, and appellant would not be injured. On the other hand, if the temporary injunction of September 17 should be continued and the issue not go on the ballot, great harm might occur. Should the petitions be found valid the rights of the intervening defendants would be adversely affected. Judge Raine recognized this in his oral opinion. If kept off the ballot until the election of 1964, those members of the public affected by the act would have its effects suspended until that date, since it might be declared to be inoperative until voted on in the 1964 election. A further problem existed, about which we intimate no opinion here, concerning the question of whether the Legislature would have to re-enact the bill before it could be placed on the ballot in 1964. The Arizona cases of *Whitman v. Moore,* 125 P. 2d 445, and *Renck v. Sup. Ct. of Maricopa County,* 187 P. 2d 656, have been cited to us. *Whitman,* cited by appellees, involved a situation where the Supreme Court of Arizona approved just such a procedure, under similar circumstances, as Judge Raine has ordered. *Renck,* cited by the appellant, specifically over-ruled *Whitman* as to the method of granting an injunction placing the issue on the ballot subject to further determination of the validity of the petition and would

seem to be contrary to our holding in this case. However, Arizona has adopted the "enrolled bill rule", that says, in effect, that once an election sanctioned by law is held, it is too late to question the steps or legal procedure by which the measure got upon the ballot. Maryland has never adopted this rule, nor do we think it compatible with our prior decisions. We have only said that "After the election is held, statutes giving direction as to the mode and manner of conducting it are generally construed as directory, unless the deviation from the prescribed forms of the law had so vital an influence as probably to have prevented a free and full expression of the popular will." *Dutton v. Tawes,* 225 Md. 484, 491, 171 A. 2d 688, and cases cited therein. This statement in *Dutton* does not prevent the courts from preserving an issue, if necessary, as in this case, until after the election, reserving the right to determine, on the merits, the validity of the referendum process as to the sufficiency of the petitions.