James WINFIELD, Clyde Garland, individually and on behalf of all persons similarly situated, Colbert Bryant, Alphonso Lewis, Alex Young, Ollie Washington, Lamar Speights, Plaintiffs-Appellants,

v.

ST. JOE PAPER COMPANY, United Paper Workers International Union, United Paper Workers Local, et al., Defendants-Appellees.

No. 81–5486
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1981.

Spriggs & Henderson, Kent Spriggs, Tallahassee, Fla., for plaintiffs-appellants.

Matt Shade, Atlanta, Ga., Henry, Buchanan, Mick & English, John D. Buchanan, Jr., Tallahassee, Fla., for St. Joe Paper Co.

Benjamin Wyle, New York City, for United Paperworkers International Union & Local 379.

Before RONEY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

The appellants appeal an interlocutory order of the United States District Court for the Northern District of Florida granting partial summary judgment for the appellees as well as the denial of their motion

for a preliminary injunction. The appellees have moved to dismiss the appeal. We hereby grant the motion of the appellees to dismiss the appeal as we find that this court lacks jurisdiction.

■ First, the district court order granting partial summary judgment to the appellees is not a final judgment subject to appellate review under 28 U.S.C. § 1291. Rule 54(b) of the Federal Rules of Civil Procedure requires that a partial summary judgment be certified as a final judgment by the district court if it is to be appealable. Since the district court has not made the necessary certification, this appeal is not properly before this court. *Kirtland v. McDermott & Co.*, 568 F.2d 1166, 1168 (5th Cir. 1978).

■ Second, the denial of the preliminary injunction is not properly before us. Unquestionably, under normal circumstances this court would be required to review a denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1). However, the instant motion for a preliminary injunction was not made under normal circumstances. It was simply a refiling of a motion which had been denied two years earlier. There was a total absence of additional factual submissions to the record or even allegations of changed circumstances since the previous district court ruling. Therefore, the district court reaffirmed its previous findings on the issue.

■ Essentially, what we are confronted with here is a device to extend the period for filing an appeal from thirty days to two years. To rule in favor of the appellants on this issue would circumvent the policy behind Rule 4 of the Federal Rules of Appellate Procedure. *See* 9 *Moore's Federal Practice* § 110.20(2) (2d ed. 1980). Further, other circuits have ruled on analogous questions. It has been held that an appeal from a denial of a motion to vacate an injunction, where the motion is simply a ploy for extending the time to appeal the original injunction, will not be heard. *Squillacote v. Local 248, Meat & Allied Food Workers*, 534 F.2d 735, 750 (7th Cir. 1976); *Stiller v.*

*Squeez-A-Purse Corp.*, 251 F.2d 561, 563 (6th Cir. 1958). Reasoning along this line has also been espoused in *Merrell-National Laboratories, Inc. v. Zenith Laboratories, Inc.*, 579 F.2d 786, 791 (3rd Cir. 1978) and *United States v. City of Chicago*, 534 F.2d 708, 711 (7th Cir. 1976). We find this reasoning and the policy behind Federal Rule of Appellate Procedure 4 to be persuasive. Therefore, we hold that the denial of the preliminary injunction is not properly before us.

Accordingly, it is unnecessary to reach the question of whether the appellant's notice of appeal regarding the denial of the injunction was properly filed. Further, it is not necessary for us to consider appellees' motion to stay time for filing a responsive brief.

It is hereby ordered that the motion of the appellees to dismiss the appeal is GRANTED.

It is further ordered that the motion of the appellants concerning jurisdiction is DENIED.