488 A.2d 208

**SECURITY ADMINISTRATION SERVICES, INC.**

v.

**BALTIMORE GAS & ELECTRIC COMPANY, et al.**

**No. 790, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 19, 1985.

Patricia E. McDonald, Baltimore (Morton A. Sacks and Cable, McDaniel, Bowie & Bond, Baltimore, on brief), for appellant.

Vincent D. Garvey, Baltimore (Stephen J. Rosasco, Baltimore, on brief), for appellees.

Argued before WILNER, ALPERT and GETTY, JJ.

WILNER, Judge.

This is a preliminary skirmish between Security Administration Services, Inc. (SASI) and Baltimore Gas and Electric Co. (BG & E) over who is responsible for defending an action brought by one Otis Lee Councill and for paying any judgment arising from that action.

Mr. Councill was a uniformed security guard employed by SASI. Pursuant to a contract between SASI and BG & E, he was assigned to guard BG & E's Crane Station plant, and was in the course of doing so when, on August 5, 1980, he was hit by a truck allegedly owned by BG & E and

driven in a negligent manner by one of its employees, Willie Graham.

Mr. Councill apparently collected workmen's compensation benefits through SASI's workmen's compensation insurance; he and the carrier then sued BG & E and Graham in the Circuit Court for Baltimore City. BG & E and Graham pled to the declaration and filed a third party claim against SASI. The third party claim was based on the contract between BG & E and SASI, under which SASI allegedly undertook (1) to provide a safe place to work for its employees, (2) to defend any action brought against BG & E as the result of work performed under the contract, and (3) to indemnify BG & E against any proceedings or damages arising from the performance of the work covered by the contract.

SASI demurred to the third party claim on a number of grounds, two of which are relevant here: (1) the indemnification provision relied upon by BG & E falls within the purview of Md.Code Ann.Cts. & Jud.Proc. art., § 5–305, and, by reason of that statute, is void as being against public policy, and (2) the contract, in any event, does not require SASI to indemnify BG & E and Graham for their own negligence. The issues were briefed and argued; on March 19, 1984, after a hearing, the court overruled the demurrer without explanation and directed SASI to answer the third party claim.

Unwilling to accept that decision, SASI sought another bite of the apple. With its answer (in which, among other things, it denied having executed the documents alleged by BG & E to be the contract between the parties) SASI filed, in the Councill case, a cross-bill for declaratory judgment and injunctive relief and a motion for preliminary injunction. The cross-bill raised precisely the same issues raised in the demurrer—that the indemnification provision was both inapplicable and void—and it asked for a declaratory judgment to that effect. The cross-bill and the accompanying motion also sought a preliminary injunction restraining BG & E and Graham from making any effort to enforce

that provision against SASI, including making any demand that SASI defend BG & E in the action brought by Councill, pending a determination, on the merits, of the validity and enforceability of the provision.

SASI did not request a hearing on its motion for preliminary injunction. On May 16, 1984, the court, without a hearing, denied the motion, whereupon SASI, having been thwarted in its attempt at a second bite, brought this appeal.

 If there is one constant in the law of appellate procedure, it is that no appeal will lie from an interlocutory order overruling a demurrer. This was decided in *Wheeler v. State ex rel. Bateman,* 7 Gill 33 (1848), and has been the law ever since. The same rule applies, with equal constancy, to an order denying a motion for summary judgment. *Lawrence v. Dept. of Health,* 247 Md. 367, 231 A.2d 46 (1967). It is true that under Md.Code Ann.Cts. & Jud.Proc. art., § 12–303(3)(iii), an appeal will ordinarily lie from an interlocutory order refusing to grant an injunction, but that provision cannot be used, as it is attempted to be used in this case, as a transparent artifice for appealing that which is not appealable. *See Kahl v. Con. Gas., El. Lt. & Power Co.,* 189 Md. 655, 57 A.2d 331 (1948).

Appellant argues that the cross-bill for declaratory relief and the petition for injunction injected new issues or facts into the case that were not considered, or may not have been considered, when the court ruled on the demurrer. What was added, insofar as we can tell, was an affidavit of appellant's president and some documents relating more precisely to the actual duties of the guards and to construction-related activity on one or more of the sites. These documents did not add any new issues to the case; at best, they were intended to bolster the contentions made in the demurrer, and could easily have been proffered to the court through a motion for summary judgment.

It is not hard to imagine the mischief that would result from allowing an appeal such as this to proceed under the guise of § 12–303. Every time a demurrer (under the new

rules, a motion to dismiss), or a motion for more definite statement, or a motion to strike, or a motion for summary judgment, or a motion to transfer a case, or a discovery motion, or any other purely interlocutory motion is denied, the aggrieved party will simply invoke Md.Rule BB77, move to enjoin the winning party from proceeding as the court has allowed him to do, and then, upon losing the motion for injunction, interrupt the entire proceeding by taking an appeal.

■ SASI will not be permitted to do indirectly what it plainly cannot do directly. Its motion for temporary injunction was nothing but an attempt to relitigate the interlocutory ruling on its demurrer and avoid the non-appealable status of an unfavorable ruling on a motion for summary judgment. It added nothing of substance to the case and was prompted by no new circumstance that disturbed the *status quo. Kahl v. Con. Gas., El. Lt. & Power Co., supra,* 189 Md. 655, 57 A.2d 331, and *cf. Winfield v. St. Joe Paper Co.,* 663 F.2d 1031 (11th Cir.1981), and *Western Geophysical Co. of Am., Inc. v. Bolt Associates, Inc.,* 463 F.2d 101 (2d Cir.1972), construing the analogous provisions of 28 U.S.C. § 1292(a)(1).

APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.