Irvin GILL, Robert Zieglar, Katherine Harris, Marie Fitzhugh, Inez Page (Hedman), Dorothy Dobson, Inez Charles, Alice Zealy (Walters), George Holmes (Rasheed Abdul Shareef), Enoch Morrison, Vivian Silas, Salena Mathews, Annie Hicks, Grace Rutherford, Stella Holmes McDonald, Daisy Mae Banks, Luz Martinez and Sadie Johnson, Individually and on behalf of all other persons similarly situated, Plaintiffs–Appellants,

v.

MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, James Reed, Director of Monroe County Department of Social Services, Monroe County Civil Service Commission, Office of Civil Service and Personnel of Monroe County, Fred Lapple, Executive Director of Civil Service and Personnel of Monroe County, Gabriel Russo, Director of Human Resources of Monroe County, Monroe County, New York State Department of Social Services, Phillip L. Tota, Commissioner of New York State Department of Social Services, New York State Department of Civil Service and Ersa H. Poston, President, New York State Department of Civil Service, Defendants–Appellees.

No. 983, Docket 88–7979.

United States Court of Appeals, Second Circuit.

Argued April 5, 1989.

Decided May 4, 1989.

Emmelyn Logan–Baldwin, Rochester, N.Y. (Ronald L. Ellis, Judith Reed, NAACP Legal Defense & Educational Fund, Inc., New York City, of counsel), for plaintiffs-appellants.

A. Vincent Buzard, Rochester, N.Y., for Monroe County defendants-appellees.

Douglas S. Cream, Buffalo, N.Y., Asst. Atty. Gen. (Robert Abrams, Atty. Gen. of the State of New York, of counsel), for New York State defendants-appellees.

Before LUMBARD, PRATT, and MINER, Circuit Judges.

**GEORGE C. PRATT, Circuit Judge:**

Plaintiffs initiated this lawsuit in November 1975 against the Monroe County Department of Social Services and others, alleging discrimination in hiring and promotion and charging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The State of New York was later added as a defendant.

Among other claims, the plaintiffs alleged that certain tests administered by the Monroe County Department of Social Services to determine eligibility for civil service positions were not validated as required by law. After protracted discovery, plaintiffs finally received the test scores and other raw data they needed to evaluate their discrimination-in-testing claim, and on September 3, 1987, they moved for a preliminary injunction and partial summary judgment on that claim. They supported the motions with (1) a statement of facts upon which no issue of fact exists; (2) an attorney's affirmation; (3) an affidavit of plaintiffs' statistical expert stating that there was evidence of adverse impact; and (4) affidavits of several named plaintiffs and class members.

By order dated September 30, 1987, the district court denied the motion for preliminary injunction but deferred ruling on the motion for partial summary judgment. Plaintiffs did not appeal.

On February 1, 1988, plaintiffs renewed their motion for a preliminary injunction and presented additional material in support of the motion for summary judgment. The district court denied both motions on June 30, 1988, and still plaintiffs did not appeal.

On September 29, 1988, plaintiffs moved a third time for a preliminary injunction and again for summary judgment. In an attorney's affirmation also supporting the third motion for preliminary injunction, plaintiffs' attorney conceded that "[p]rior motions requesting the same relief were filed September 4, 1987 and February 2, 1988".

The district court, on October 19, 1988, denied the motion for preliminary injunction, stating that two similar motions had previously been denied and that it would be inappropriate to disrupt the ongoing work of the county government under the circumstances and before the record was more fully developed. The motion for summary judgment was denied for similar reasons. Plaintiffs seek to appeal from the October 19, 1988, denial of the third motion for preliminary injunction, but defendants move to dismiss for untimeliness.

■ Ordinarily, the denial of a motion for preliminary injunction is appealable under 28 U.S.C. § 1292(a)(1), which permits an appeal from an interlocutory order refusing an injunction. The instant motion, however, can be construed only as a refiling of the same motion for preliminary injunction which had been denied twice before in the preceding year. An appeal from an order denying a successive motion for a preliminary injunction, where the motion is simply the same as the earlier motion, is untimely under Fed.R.App.P. 4(a)(1) unless the notice of appeal was filed within thirty days of the original denial. The successive motion is viewed as a means merely to extend the thirty-day period for appeal. *See, e.g., Winfield v. St. Joe Paper Co.*, 663 F.2d 1031, 1032 (11th Cir.1981) (denial of preliminary injunction not properly before appellate court when it was simply a refiling of a motion which had been denied two years earlier); *Squillacote v. Local 248, Meat & Allied Food Workers*, 534 F.2d 735, 750 (7th Cir.1976) (where there is no appeal from the order entering an injunction and no allegation of changed circumstances, appeal from later order denying motion to vacate is untimely because merely a ploy to extend period for appeal); *Stiller v. Squeez-A-Purse Corp.*, 251 F.2d 561, 563 (6th Cir.1958) (a party may not repeatedly move to dissolve an injunction under 28 U.S.C. § 1292(1) and, after repeated orders of denial, appeal from the last order when such an appeal would be untimely if taken from the first order); *see also 9 Moore's Federal Practice* ¶ 110.20[2], 238–39 (2d ed. 1989).

Although there is a limited exception to this rule of nonappealability in cases in which there are changes in fact, law, or

circumstance since the previous ruling, *see Securities and Exchange Commission v. Suter,* 832 F.2d 988, 990 (7th Cir.1987); *Winfield,* 663 F.2d at 1032; *Squillacote,* 534 F.2d at 750, no such changes are presented that would make appellate review proper in this case. Far from arguing change in fact, law, or circumstance, plaintiffs instead relied in the district court primarily on the documents submitted with the two prior motions. Some additional material, such as a report of the statistics expert and an affidavit and curriculum vitae of the validation expert, was submitted, but since this material was available to the plaintiffs when they made the two previous motions, it could not constitute changed facts or circumstances. *See Denley v. Shearson/American Express, Inc.,* 733 F.2d 39, 43 (6th Cir.1984); *see also Stiller,* 251 F.2d at 562–63.

■ Because plaintiffs have demonstrated no change in facts, circumstances, or law since their prior injunction motions, and because this appeal was filed more than one year after the district court's denial of the first motion for preliminary injunction, the appeal is untimely under Fed. R.App.P. 4(a)(1), and we lack jurisdiction to review the order denying the third motion for preliminary injunction.

■ We also have no jurisdiction to entertain the appeal from the order denying partial summary judgment on the testing discrimination claim, because that order is not a final order subject to review under 28 U.S.C. § 1291 and plaintiffs did not obtain certification under 28 U.S.C. § 1292(b).

We hasten to add, however, that plaintiffs correctly complain that this case has lingered an inordinate amount of time—over thirteen years—in pretrial phases. While that fact does not permit us to ignore our jurisdictional rules and review an untimely appeal, we urge the trial court to require the parties to promptly conclude any remaining pretrial matters and to bring this action expeditiously to trial. Upon application of the plaintiffs, the court will hear, on an expedited schedule, any further appeals in this matter.

Dismissed.