# MAYOR, ETC., OF CRISFIELD

## *vs.*

# THE CHESAPEAKE AND POTOMAC TEL. CO.

*Town Charters and Public General Laws: Public Service Commission Law.*

In general, a public local law is valid although opposed to a public general law.　　　　　　　　　　　　　　　p. 446

Yet where by the charter of a town it was attempted to grant the municipality power to regulate the charges of a public service corporation (C. & P. Telephone Co.), it was held that the power was invalid, because full and general powers to regulate such corporations for the whole state had already been given to the Public Service Corporation by Chap. 180 of the Acts of 1910,* and the attempt to bestow such power on the town or city was in violation of sec. 33 of Art. 3 of the Constitution prohibiting the passage of a special law for any case for which provision had been made by an existing general law.

p. 447

*Decided November 15th, 1917.*

Appeal from the Circuit Court for Somerset County. In Equity. (STANFORD, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

---

*See page 338 of the Acts, now codified as section 413 of Article 23 of the Code.

*Thomas S. Hodson,* for the appellant.

*Shirley Carter* and *Wm. Cabell Bruce,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The Chesapeake and Potomac Telephone Company by purchase succeeded to the rights of the Potomac Telephone Company in the City of Crisfield, and since the purchase of the plant by the Chesapeake and Potomac Telephone Company it has operated the lines in that city and the adjacent parts of Somerset County.

In 1910 by Chapter 180, the Public Service Commission of this State was created, and its powers and duties defined.

At the same session of the Legislature, by Chapter 529 (p. 1078), a municipal charter was granted to Crisfield, which was repealed and re-enacted with certain amendments in 1916, but the amendments then made in no way affected the provisions of section 87 of the charter as originally enacted in 1910.

By the terms of the Charter the City of Crisfield was given the power to "grant and regulate franchises to electric light companies, power companies, telephone companies, telegraph companies, street railway companies, water companies, sewer and drain companies, and any other which they may deem advantageous and beneficial to said city or the inhabitants thereof," and to regulate the charges by the municipality for the service of such companies as then possessed or thereafter obtained franchises in the city.

In the exercise, or attempted exercise, of the power thus granted, the Mayor and Council of Crisfield assumed to regulate the charges to be made where the Chesapeake and Potomac Telephone Company have connections, and service was rendered by that company.

The present case is an application for an injunction directed against the Mayor and Council of Crisfield, and certain officials of that city, to enjoin them from carrying into effect the provisions of that ordinance as against the

Chesapeake and Potomac Telephone Company. The theory of the plaintiff (appellee here) is that certain portions of the charter are void, as being special laws coming within the inhibition of the Constitution, Art. 3, sec. 33, which prohibits the passage of a special law in a case already provided for by a general law. There is no question of conflict upon the facts of this case. The sole question now presented is as to the validity of that portion of the charter of Crisfield which empowers the municipal corporation to regulate the charges of the Telephone Company, and if such provision is invalid, it necessarily follows that the ordinance passed in the supposed exercise of this power must also fall.

The appellant strongly contends for the validity of the charter with reference to this, upon the ground that the Act in question is not a special law, but a public local law, and that as such it is valid, though in derogation of the general laws of the State. It has been settled by numerous decisions that a public local law is perfectly good though opposed to a public general law. The distinction between special acts and public local acts is to some extent shadowy, and while various courts have attempted to draw a line of demarcation between them, there still remains a twilight zone within which it is not always easy to place a particular act in one class or the other.

In the present case material assistance will be derived from the consideration of that which was predominant in the mind of the Legislature of 1910, by which both the Public Service Commission law and the Charter of Crisfield were enacted. The Legislature of 1910 took up, and for the first time in this State, enacted a law for the purpose of regulating in various ways the class of corporations or firms conducting public utilities. The grant of power as contained in the Act, while in general language, was intended to be extremely comprehensive. There was a specific jurisdiction given to it over telephone lines and telephone companies; provision was made for the making of complaints, either by individuals or cor-

porations, and also the power that the Commission created by the Act might, upon its own initiative regulate the charges demanded, exacted, charged or collected, and its power extended throughout the State, into every municipality, county or political division, so that the said Commission should in the interest of the public, be invested with ample powers for regulation, both as to service and charges, of all public utilities operating within the State. It was a jurisdiction determined by the subject-matter, rather than any other consideration. If an action of the Commission was deemed erroneous or beyond its power, a right of appeal was given to the courts.

This Act had been approved, and was a part of the law of this State, when the Charter of Crisfield was passed some days later, at the same session. Section 87 of the Charter begins as follows: "The Mayor and Council of Crisfield shall have power to pass all by-laws and ordinances not contrary to law, for the good government and to preserve the peace, safety and well-being of the inhabitants thereof."

When this Act was passed the provision for a Public Service Commission, and the definition of its powers and duties, was already a law, and when the charter enacted by the same Legislature in its grant of power to the municipal corporation for the passage of ordinances, stipulated that such ordinances must not be contrary to law, it is impossible to conceive that the legislative body did not have in mind the Act already passed.

With regard to the regulation of public utilities, and the power of the Commission to approve or disapprove proposed schedules of rates, and by order establish what the rates should be, any different view would result in the position that any municipality having like powers to those embodied in the Charter of Crisfield, would be competent to override and completely nullify the orders of such a commission, and substitute the arbitrary authority of municipal officers at any given time for the authority of the commission and its orders, entered after full hearing and consideration. This would

produce a condition little short of chaos, would destroy the protection for the public which the creation of the commission was intended to provide. .

In its essential features the present case is closely analogous to the case of *Prince George's County* v. *Baltimore and Ohio Railroad*, 113 Md. 179, in which Judge Thomas, speaking for this Court, carefully reviews the law applicable in such a case. The County Commissioners of Prince George's County attempted to require the erection of gates at certain places on the line of the Baltimore and Ohio Railroad, and the placing of watchmen at those crossings, and it was argued there, as it has been in the present case, that the action, like the ordinance of Crisfield, was a local regulation, not amenable to the objection of being special, but the Court had no hesitation in treating the action as in the nature of special regulation, so as to make it obnoxious to the provision of the Constitution. This decision has been so recently rendered, and the opinion filed was so clear and cogent in its reasoning, that it would be superfluous to repeat it here, or enumerate the many similar cases decided by the courts, or to discuss and distinguish the present case from many of those referred to in the brief and in the oral argument of the counsel for Crisfield.

These have been carefully examined and considered, and this Court is firmly of the opinion that so much of section 87 of the Charter of Crisfield, as attempts to invest the municipal corporation with the power to regulate the rates of the appellee is clearly obnoxious to the provision of the Constitution, and must be set aside as void.

This being the conclusion, it follows that the ordinance attempted to be enacted must fall. The decree appealed from will, therefore, be affirmed.

*Decree affirmed, the appellant to pay the costs.*