MIDDLEMAN *v.* MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION ET AL.

[No. 36, September Term, 1963 (Adv.).]

*Decided July 12, 1963.*

The cause was argued before the full Court.

*Ernest N. Cory, Jr.,* and *Richard C. Rice,* with whom were *Cary M. Euwer* and *Cory & Boss* on the brief, for the appellant.

*B. Houston McCeney* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

On August 9, 1962, the Maryland-National Capital Park and Planning Commission (the Commission) filed suit in the Circuit Court for Prince George's County against the Mayor and

City Council of Laurel and Middleman and Hance. The bill alleged that the town was unlawfully exercising zoning jurisdiction over a parcel of land owned by the individual defendants by issuing a use permit to them, and prayed an injunction against any use of the land other than that permitted under a rural residential classification established upon recommendation of the Commission.

The defendant Middleman filed a motion raising preliminary objection under Rule 124 c contending that the plaintiff corporation lacked the legal capacity to sue. The grounds alleged were (1) that the plaintiff corporation had been invalidly formed in violation of Article III, section 48 of the Maryland Constitution, (2) that it had been formed in violation of Article III, section 33 of the Maryland Constitution, and (3) that it lacked the authority to sue under section 99 of Chapter 780 of the Acts of 1959. The Town of Laurel filed a similar motion on the third ground alone. After hearing, the Chancellor granted the motion on the third ground, and hence found it unnecessary to pass on the Constitutional grounds. An amended bill was then filed, as authorized in the order passed by the Chancellor, bringing in the County Commissioners of Prince George's County as a new party plaintiff, along with the planning commission. A motion *ne recipiatur* was filed, but subsequently withdrawn. The Town of Laurel and Middleman then filed a joint motion praying that the court decide questions (1) and (2) raised by Middleman in his prior motion. The Chancellor obliged by holding that the Commission had been validly formed, although he stated that those points were moot. Middleman alone entered this appeal, and the Chancellor passed an order staying further proceedings pending the disposition of the appeal. The Commission filed a motion in this Court praying an early decision on the merits of grounds (1) and (2), reciting that the constitutional issues raised by the appellant pose a serious threat to its credit and the credit standing of both Prince George's and Montgomery Counties, because of their statutory guarantees of the payment of bonds issued, or to be issued, by the Commission. The motion conceded that the orders appealed from were interlocutory in nature. We advanced the case for hearing.

It is well settled that as a general rule an appeal to this Court will lie only from a final order. See Code (1957), Art. 5, sec. 6, and *Eisel v. Howell,* 220 Md. 584, 587. See also Rules 887 and 835. If the Commission had entered an appeal from the first order, it might possibly have been treated as in the nature of a final order, because it put the Commission out of court, even though the case continued in the name of a substituted party. Cf. *Hunt v. Tague,* 205 Md. 369, 375, and *Concannon v. State Roads Comm.,* 230 Md. 118, 125. But the Commission did not appeal, and in fact acquiesced in the substitution of a new and additional party in an amended bill which was answered by the Town of Laurel. There are, of course, certain interlocutory orders in equity that are appealable under Code (1962 Supp.), Art. 5, sec. 7. One of these concerns the refusal to grant an injunction and both the original and amended bills sought an injunction. However, the order appealed from merely stated that the previous motion raising preliminary objections was denied, as to grounds (1) and (2). The previous order had granted the motion on the third ground. It is, of course, the established rule that courts do not decide constitutional issues if the case can be decided on other grounds. Cf. *Tyler v. The State,* 93 Md. 309, 314 and *Jeffers v. State,* 203 Md. 227, 230. See also 11 Am. Jur. *Constitutional Law,* § 94 and 16 C.J.S. *Constitutional Law,* § 94, p. 317. There was no refusal to grant an injunction or any hearing on the merits.

In effect, we are asked to review the advisory opinion of the Chancellor on a moot question, by an appellant who has obtained a stay of proceedings to seek review of a collateral ruling not affecting the outcome of the case. It would seem to be quite immaterial to Middleman, or to the Town of Laurel, whether the issue between them as to validity of the building permit is resolved at the instance of the Commission or of the County Commissioners. It is conceded that the latter have standing to sue. Even Middleman's point that the suit was terminated by the first order, because an entirely new party plaintiff could not be brought in by amendment, if sound, would simply call for a dismissal of the appeal and has no bearing upon the Constitutional questions sought to be raised. In any event it would appear to have been waived by the withdrawal

of his motion *ne recipiatur* based explicitly upon that ground. If we assume, without deciding, that we possess the power to decide moot Constitutional questions, under some circumstances, in appropriate proceedings for declaratory relief (cf. *Bd. of Public Welfare v. Myers,* 224 Md. 246, 251 and *Liberto v. State's Attorney,* 223 Md. 356, 361), we see no occasion to do so in the present posture of the case.

In one aspect of the case, however, the Constitutional status of the Commission may not have been moot, nor the determination of the status immaterial to the decision of the case on its merits. It may be contended that if the Commission was not validly created all of its acts, including its participation in the adoption of the zoning regulation relied upon to set aside the building permit issued by the Town of Laurel, were void, and unsupportable as the acts of a *de facto* body. Because that question may be raised by Middleman in his answer and for that reason alone, we are constrained to pass on the Constitutional issues, which have been fully argued below and in this Court, prior to the passage of a final decree. Such action is not unprecedented. See *Lee v. State,* 161 Md. 430, 434.

Art. III, section 48 provides in part that "corporations may be formed under general laws, but shall not be created by special Act, except for municipal purposes and except in cases where no general laws exist, providing for the creation of corporations of the same general character, as the corporation proposed to be created; and any act of incorporation passed in violation of this section shall be void. * * *." The appellant argues that the Commission is not a municipal corporation and therefore could not be "created by special Act." But the language of the exception is broad enough to include corporations formed "for municipal purposes." Undoubtedly the Commission does perform some of the functions of a municipal corporation, and exercises important governmental powers in a bi-county region. We have held that the Washington Suburban Sanitary Commission is a municipal corporation within the contemplation of an Act providing that no suit for damages shall be maintained against such a corporation without the notice required by the Act. *Neuenschwander v. Wash. San. Com.,* 187 Md. 67. This case was cited with approval in *Mont-*

*gomery County v. Met. District,* 202 Md. 293, 304, a case in which the Maryland-National Capital Park and Planning Commission was one of the appellees and described (p. 297) as a "governmental" body.

Article III, section 33 of the Maryland Constitution provides in part that the "General Assembly shall pass no special Law, for any case, for which provision has been made, by an existing General Law. * * *." The appellant contends that there are provisions in the general law to accomplish the same purposes, notably in Articles 25 and 25 A, dealing with counties and chartered counties, in Article 33 A, concerning eminent domain and in Article 66 B, concerning zoning. The argument overlooks the problem presented by the desirability of uniform zoning and planning in a metropolitan area embracing parts of two counties, in cooperation with the authorities in the District of Columbia. If we assume, without deciding, that the Acts of 1959 is a special act, we think it is not in violation of Article III, section 33 for the reason that there is no provision in the general laws to meet the problem here presented. The Legislature itself has recognized the authority of the Commission, as entitled to exercise exclusive zoning powers within its particular area, in Code (1957), Art. 66 B, sec. 35. We think the case of *Mayor, Etc., Crisfield v. C. & P. Tel. Co.,* 131 Md. 444, relied on by the appellant, is distinguishable on its facts. One of the recognized tests of a special act is whether it is designed "to promote some public interest, for which the general law is inadequate." *Jones v. House of Reformation,* 176 Md. 43, 56, and cases cited. We think the general law is inadequate in the circumstances of the instant case.

*Appeal dismissed, costs to be paid by the appellant.*