## BALTIMORE COUNTY, MARYLAND *v.* AMERICAN OIL COMPANY, ET AL.

[No. 83, September Term, 1967 (Adv.).]

*Decided May 2, 1967.*

720

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES, McWILLIAMS and FINAN, JJ.

*Jean G. Rogers, Assistant County Solicitor* and *Harris James George, Deputy County Solicitor,* with whom was *R. Bruce Alderman, County Solicitor,* on the brief, for appellant.

*W. Lee Harrison,* with whom was *A. Owen Hennegan* on the brief, for appellees.

PER CURIAM.

Section 23-23 of the Baltimore County Code, 1965 Supplement, authorizes the zoning commissioner to "make special exceptions to the zoning regulations in harmony with their general purpose and intent". On July 5, 1966 the County Council enacted bill No. 64 as an emergency measure effective July 12, 1966 which recited that the planning board under the powers vested in it by Sec. 23-20 of the County Code was about to propose changes in the regulations governing the granting of special exceptions for filling stations and ordained that a new Sec.—23-23A be added to the Code to provide that "No special exception for any filling station shall be granted for a period of six months after this section is enacted." On January 3, 1966 the Council enacted bill No. 117 as an emergency measure effective January 6, 1967, extending the six months moratorium enacted by bill No. 64 for a period of four months from January 12, 1967.

Six large oil companies sought declarations that bill No. 117 was illegal and unconstitutional and that the County Council could not "prohibit a lawful, legitimate use from the entire municipality for any period of time". After a hearing, Judge

Turnbull held (a) that bill No. 117 had been illegally enacted because it was a "zoning regulation" which had not been passed in compliance with Sec. 23-20 (which requires the recommendation of the planning board to the Council on a proposed zoning regulation after published notice and hearing) and Sec. 23-21 (which demands a public hearing by the County Council after twenty days published notice) ; (b) that bill No. 117 also was unconstitutional "because it singled out one particular trade or industry and subjected that industry to a moratorium to which other industries were not subjected"; and (c) that the Council "may not legally and constitutionally prohibit a lawful, legitimate use from the entire municipality for any period of time".

We agree with Judge Turnbull's conclusion and declaration that bill No. 117 is illegal because it constituted a zoning regulation which was not enacted in conformance with the necessary requirements of Sections 23-20 and 23-21 of the County Code. We think there was no need for the trial court to pass on the constitutionality of bill No. 117—and we do not do so— and that he should not have declared that the Council could not lawfully prohibit a legitimate use in the County for any period of time. Any such action of the Council would have to be judged if and when it occurred on the facts and in the environment of that action.

That portion of the decree appealed from which declared that bill No. 117 of the County Council was illegal is affirmed; that part of said decree that declares said bill to be unconstitutional and that part of said decree that declares that the council "may not legally and constitutionally prohibit a lawful, legitimate use from the entire municipality for any period of time" are reversed.

*Decree affirmed in part and reversed in part, costs to be paid by Baltimore County. The mandate will be issued forthwith.*