LAWRENCE, ET AL. *v.* STATE DEPARTMENT
OF HEALTH, ET AL.

[No. 632, September Term, 1966.]

*Decided July 3, 1967.*

368

The cause was argued before HAMMOND, C. J., and MAR-BURY, OPPENHEIMER and BARNES, JJ., and MORTON, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*Harry E. Taylor, Jr.*, with whom were *Taylor & Waldron* on the brief, for appellants.

*Louis E. Schmidt, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Donald H. Noren, Special Attorney,* on the brief for State Department of Health & Mental Hygiene, part of appellees; *Edward O. Clarke, Jr.,* with whom were *P. Dennis Belman* and *Smith, Somerville & Case,* and *Edward S. Digges* on the brief for The Charles County Sanitary District, Inc., other appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

On August 18, 1966, in the Circuit Court for Charles County, sitting as a court of equity, the appellants filed an amended "petition to review" a "decision" of the appellees in respect of the deposit of processed sewage in the Zekiah Swamp in Charles County. The petition alleged that some of the petitioner-appellants are engaged in the business of tonging and catching oysters and crabs in the area of the Swamp, and that others are residents and landowners in the area. On June 20, 1958, it was alleged, the appellee State Board of Health and Mental Hygiene issued a permit, without a hearing, to the other appellee, the Charles County Sanitary District, Inc., to deposit processed sewage in the Swamp. The permit was not used for seven years, and, the appellants alleged, has become void for

lack of use. It was further alleged that the Swamp has not the natural flow to provide the contemplated dilution of the processed sewage, which will not be completely destroyed by the original treatment, and that the odor, germs and pollution of the Swamp will adversely affect the rights of the two appellants who owns property in the area. It was alleged, further, that the depositing of processed sewage in the Swamp will flow through connected waterways and will, to some extent, contaminate and pollute all of the bodies of water through which it flows, will thereby seriously interfere with the use of the Swamp and waterways in connection with the oyster and fishing business and otherwise will be contrary to the public interest. The "decision" of June 20, 1958, the appellants claimed, was in violation of the Fifth and Fourteenth Amendments to the Federal Constitution and was therefore unlawful. The relief prayed was that the permit granted by the State Department of Health to the County Sanitary District be declared invalid, and that the Sanitary District be enjoined from taking any further action in accordance with the permit.

The State Department of Health answered on September 15, 1966. It denied that the permit had been abandoned, although admitting that construction of the sewage disposal plant had not been commenced because of engineering details; denied that the Swamp and the connecting waterways would be polluted and that the deposit of the processed sewage would depreciate property values and that the oyster industry would be harmed; and denied that the issuance of the permit was unlawful. The answer alleged "the collection and disposal of treated effluent are within the police powers of the State Department of Health and have a direct relationship to the promotion and safeguarding of public health; and further, the installation of a sewage disposal system is essential, without which the continuous flow of untreated sewage is injurious to public health and constitutes a public menace." The Sanitary District, in its answer filed the same day, made the same denials as the Department of Health, and alleged that the appellants are guilty of laches, because they have known of the Sanitary District's plan to construct the sewage facilities pursuant to the permit since the permit was issued and have taken no adverse action while the District pro-

ceeded to invest large sums of public money in the design and planning of the facilities.

On October 20, 1966, the appellants filed a motion for summary judgment, on the grounds that there was no genuine dispute as to any material fact and that they were entitled to a judgment as a matter of law. No supporting affidavit was filed. Both appellees filed answers to the motion, on November 2, 1966, asserting that there were genuine disputes between the parties as to the material facts and that the appellants' motion was based on alleged facts not appearing of record.

On November 17, 1966, there was a hearing on the appellants' motion and the motion was denied. On the same day, there was a hearing on the merits, at which testimony was taken. At the conclusion of the testimony and arguments, on the same day, the court gave an oral opinion and denied the relief prayed by the appellants and dismissed the petition. We do not have the benefit of knowing what transpired at the hearing on the merits, because no record extract has been furnished, except for Judge Bowie's opinion, which was printed as an appendix to the Sanitary District's brief. That opinion shows, however, that, at the hearing on the merits, the appellants as well as the appellees adduced witnesses who testified as to the disputed factual issues of pollution and the effect of the deposit of the processed sewage. The appeal herein was taken from both the denial of the appellants' motion for summary judgment and the dismissal of the amended petition to review.

On January 25, 1967, the appellees filed in this Court a motion to dismiss the appeal. The motion states that the lower court passed no order concerning the portion of the transcript to be included in the record, that the attorney for the appellants had been notified in writing that the appellees desired the entire record for hearing on the appeal, and that the transcript of the testimony has not been transmitted to the Clerk of the Court as required by Maryland Rule 826 c. Dismissal of the appeal was asked under Rule 835 b (4).

At the oral argument before us, counsel for the appellants stated that the failure to file the transcript of the testimony with the clerk of the lower court for inclusion in the record was not inadvertent but deliberate; that the appellants had abandoned

their appeal from the order of the lower court on the merits and were appealing only from the denial of their motion for summary judgment, despite the fact that, on the same day on which that motion had been denied, there had been a full hearing on the merits as a result of which their petition had been dismissed. The provisions of Code (1957) Article 5, Section 6, limiting appeals to this Court to the review of final decisions or orders in the nature of final decrees (except as modified by Section 7), the appellants contend, do not apply in this case, because they did appeal from the final decree and therefore, under Maryland Rule 887, the interlocutory order previously entered is open to review by the Court, even though the appeal from the final decree has been abandoned.

On the facts of the case, the appellants' position is an adroit attempt to evade the clear purport of the statutes and rules. The orderly administration of justice which our appellate system provides is not to be so frustrated.

Denial of a plaintiff's motion for summary judgment is not a final order from which an appeal to this Court will lie. Like the denial of a motion raising preliminary objections, *Middleman v. Maryland-National Capital Park and Planning Comm'n,* 232 Md. 285, 192 A. 2d 782 (1963), and an order determining the right of possession which does not pass upon a right in or title to property, *Dermer v. Faunce,* 187 Md. 610, 51 A. 2d 76 (1947), the denial here involved did not determine the appellants' claim adversely to their contention or deprive them of the means of proceeding further to assert and enforce that claim. Compare *Concannon v. State Roads Comm'n,* 230 Md. 118, 124, 186 A. 2d 220 (1962), with *Eisel v. Howell,* 220 Md. 584, 155 A. 2d 509 (1959). While there is no decision of this Court precisely in point, the great weight of authority in other jurisdictions is that an order denying a motion for summary judgment is a non-appealable interlocutory order. Among the cases so holding are: *Fernandez v. Garza,* 93 Ariz. 318, 380 P. 2d 778 (1963); *Wilson v. Wilson,* 5 Cal. Rptr. 317, 352 P. 2d 725 (1960); *Malcom v. Dempsey,* 215 A. 2d 457 (Del. 1965); *Croy Mfg. Co. v. Marks,* 62 Ill. App. 2d 373, 210 N. E. 2d 814 (1965); *Crum v. Anchor Cas. Co.,* 264 Minn. 378, 119 N. W. 2d 703 (1963); *Pressey v. State,* 173 Neb. 652, 114

N. W. 2d 518 (1962) ; *Dzack v. Marshall,* 80 Nev. 345, 393 P. 2d 610 (1964) ; *Tobin v. Garcia,* 159 Tex. 58, 316 S. W. 2d 396 (1958) ; *Aetna Cas. & Sur. Co. v. Federal Ins. Co.,* 148 W. Va. 160, 133 S. E. 2d 770 (1963).

Nor, under the circumstances of this case, was the denial of the motion a refusal to grant an injunction appealable under Article 5, Section 7. While the relief prayed in the appellants' petition for review included a prayer for an injunction, the order of the court below denying the motion for summary judgment was not an unqualified refusal of the injunctive relief sought; on the contrary, the appellants were afforded the opportunity of showing their right to an injunction the very day their preliminary motion was denied. In *Maas v. Maas,* 165 Md. 342, 168 Atl. 607 (1933), it was held that in an action for an injunction, the sustaining of a demurrer with leave to amend was not a refusal to grant an injunction within the meaning of the statute. In the present case, the interlocutory nature of the order is even more evident than it was in *Maas,* for the order in *Maas* necessarily looked to some period of time before the bill of complaint was amended and further proceedings were had on the amended bill, while here the hearing on the merits followed immediately after the motion for summary judgment was denied. Under these circumstances, the issuance of an injunction was not necessary to preserve the *status quo. Kahl v. Consolidated Gas, Elec., Light & Power Co.,* 189 Md. 655, 658, 57 A. 2d 331 (1948), and authorities therein cited. On the facts of this case and the posture in which it came to us, there was no denial of an injunction within the meaning of the statute. Compare *Rocks v. Brosius,* 241 Md. 612, 646-47, 217 A. 2d 531 (1966), where the order granting a temporary injunction declared the appellants guilty of contempt.

For these reasons, we hold that no appeal lay from the order of the lower court denying the appellants' motion for summary judgment. We hold further that the entry of an appeal from the final decree below did not make the interlocutory order denying the motion reviewable by this Court, when the appeal from the final decree was abandoned. Rule 887 and our decisions thereunder (See *Rocks v. Brosius, supra,* at 241 Md. 646-48, and cases therein cited) permit the review of interlocu-

tory orders only when the appeal from the final decree is before the Court. An order which is not final is not appealable because it settles no rights and adjudicates no interests, but merely postpones determination of the issue until a hearing on the merits. Such an order is no more appealable when the case has been decided on the merits and an appeal from the final decree has been entered and abandoned than if there had been no further proceedings after the interlocutory order and no final decision had been entered.

We may add that, in any event, the action of the court below in denying the appellants' motion for summary judgment was clearly proper. Material issues of fact were raised by the appellees' answers to the petition; those answers included denials that the Swamp and the connecting waterways would be polluted by the processed sewage and that the oyster industry would be adversely affected. Moreover, the petition sought to raise serious constitutional issues by unsupported general allegations. Constitutional issues are generally not to be decided on mere conclusions of the pleadings. See *Deems v. Western Md. Ry. Co.,* 247 Md. 95, 231 A. 2d 514 (1967). See also *Baltimore County v. American Oil Co.,* 245 Md. 719, 721, 229 A. 2d 78 (1967), and cases therein cited, and *Middleman v. Maryland-National Capital Park and Planning Comm'n, supra,* at 232 Md. 289.

*Motion to dismiss appeal granted;*
*costs to be paid by appellants.*