**150**

661 A.2d 691

**PORTER HAYDEN COMPANY**

v.

**COMMERCIAL UNION INSURANCE COMPANY.**

**No. 132 Sept. Term, 1993.**

Court of Appeals of Maryland.

July 17, 1995.

Reconsideration Denied Aug. 17, 1995.

Louis G. Close, Jr. (Leigh S. Halstad, Whiteford, Taylor & Preston, all on brief), Baltimore, and Leigh S. Halstad, Baltimore, for petitioner.

Theodore A. Howard (Richard H. Gimer, Richard A. Ifft, Hopkins & Sutter, all on brief), Washington, DC, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

This case concerns insurance coverage disputes between the Porter Hayden company, a former installer of asbestos-containing insulation products, and Commercial Union Insurance Company, an insurer which allegedly provided Porter Hayden with liability insurance coverage. We shall not decide the substantive issues briefed and argued by the parties because the trial court did not enter a final, appealable judgment in the action.

For many years, the Porter Hayden company installed insulation in industrial facilities throughout the Mid-Atlantic region.[1] Until the 1970s, Porter Hayden supplied and installed asbestos-containing insulation materials at numerous indus-

---

**1.** Porter Hayden was formed in Maryland in 1966 as the result of a merger between H.W. Porter & Company, Inc., a New Jersey corporation, and Reid Hayden, Inc., a Maryland corporation. In this opinion, "Porter Hayden" refers both to the current Porter Hayden corporation and to its predecessors.

trial sites, including the Bethlehem Steel plant at Sparrows Point, Maryland. From 1941 until 1952, Porter Hayden allegedly procured liability insurance from Commercial Union.

In 1976, Porter Hayden was first served with complaints by plaintiffs who alleged that they had been injured by asbestos released from products supplied and installed by Porter Hayden. Since 1976, Porter Hayden has been sued for damages by several thousand plaintiffs in cases based on asbestos-related injuries. In connection with the asbestos litigation, Porter Hayden became involved in insurance coverage disputes with its various liability insurance carriers, including the Commercial Union Insurance Company.[2]

Porter Hayden first notified Commercial Union of claims assertedly covered by Commercial Union's policies in 1978, when Porter Hayden was served with a second group of complaints commencing asbestos-related personal injury actions. Porter Hayden's comprehensive general liability insurer at that time, Employers Insurance of Wausau, informed Commercial Union of the 1978 complaints. Soon afterwards, Porter Hayden asked Commercial Union to participate in defending those claims in which the plaintiffs' exposure to asbestos had purportedly occurred during a period when Porter Hayden had allegedly been covered by Commercial Union's liability insurance policies. Commercial Union denied coverage on a number of grounds. Porter Hayden and Commercial Union disputed the issue of coverage until 1982, when Porter Hayden, in connection with insurance coverage litigation brought by another of its liability insurers, reached a settlement agreement with a number of its insurance carriers, including Commercial Union. Under the agreement, the insurers each agreed to participate in Porter Hayden's defense with respect to all asbestos cases filed against Porter Hayden before 1987. Nevertheless, the insurers reserved their right

---

2. Commercial Union is a successor corporation to the Employers' Liability Assurance Corporation, Ltd. (ELAC). In this opinion, we refer to both the current corporation and to ELAC as "Commercial Union."

to challenge Porter Hayden's underlying entitlement to coverage.

In August 1987, Porter Hayden forwarded five recently filed asbestos cases to Commercial Union for defense and handling. Commercial Union denied coverage. On September 21, 1990, Porter Hayden instituted this declaratory judgment action against Commercial Union in the Circuit Court for Baltimore City. In its complaint, Porter Hayden alleged that it had purchased from Commercial Union a series of comprehensive general liability insurance policies which provided "premises-operations" liability insurance coverage for Porter Hayden from November 25, 1941, through November 25, 1952. Porter Hayden attached to its complaint copies of two of the liability insurance policies issued by Commercial Union to Porter Hayden. Each policy covered a one-year policy period, from November 1948 to November 1949 and from November 1949 until November 1950, respectively. Porter Hayden did not produce copies of the policies allegedly issued by Commercial Union for the other years during which it claimed that coverage had existed. Instead, Porter Hayden relied on other evidence as proof that Commercial Union had provided it with liability insurance coverage during that time period. Porter Hayden asked the circuit court to declare that Commercial Union had a contractual duty under all of the alleged policies of insurance, including the "missing" policies, to defend it in asbestos-related litigation initiated after 1986, and to pay, within policy limits, any judgments awarded against it in such litigation. In addition, Porter Hayden sought its attorneys' fees and other costs incurred in bringing the declaratory judgment action.

Commercial Union answered Porter Hayden's complaint. Without conceding that coverage existed for the claims related to the asbestos litigation, Commercial Union admitted that it had issued the 1948–1949 and 1949–1950 policies to Porter Hayden, and that the policies provided bodily injury liability coverage "on a 'per occurrence' basis." Commercial Union contested the existence, terms and conditions of the missing policies, and raised numerous defenses to Porter Hayden's

assertion of insurance coverage. In addition, Commercial Union filed a counterclaim against Porter Hayden for declaratory relief and for damages. In the counterclaim, Commercial Union raised issues "concerning the obligation of Commercial Union to contribute to the defense and indemnification of claims filed against Porter Hayden on or before December 31, 1986." The insurer sought a declaration that it had no duty to defend or indemnify Porter Hayden under any policy with respect to suits filed against Porter Hayden before 1987. In its damages action against Porter Hayden, Commercial Union sought to recover the sums which it had already spent defending Porter Hayden in cases filed before 1987, alleging that there was no coverage for the asbestos-related claims under any policy of liability insurance ever issued by Commercial Union to Porter Hayden.

Porter Hayden moved to stay proceedings under Commercial Union's counterclaim. Porter Hayden contended that the settlement agreement reached in the earlier insurance coverage litigation applied to insurance coverage issues with respect to suits filed against Porter Hayden before January 1, 1987. Porter Hayden argued that the trial court should stay proceedings under the counterclaim while certain issues raised by the counterclaim were submitted to arbitration, pursuant to an arbitration clause in the settlement agreement. On February 21, 1991, the circuit court granted Porter Hayden's motion and ordered that proceedings under the counterclaim be stayed pending arbitration.

After some discovery on the issues raised by Porter Hayden's complaint, Porter Hayden and Commercial Union each filed motions for summary judgment. Porter Hayden filed a motion for partial summary judgment, seeking a declaration of Commercial Union's obligations under the 1948–1949 and 1949–1950 policies. Porter Hayden asked the circuit court to declare that Commercial Union had a duty under those policies to defend and indemnify it in asbestos-related litigation initiated after 1986. Porter Hayden's motion for partial summary judgment raised no issues relating to coverage under the missing policies.

In response, Commercial Union filed three separate motions for summary judgment. Each of Commercial Union's motions for summary judgment was based on a distinct ground. Commercial Union argued that the Maryland statute of limitations barred Porter Hayden's action. Moreover, Commercial Union contended that the asbestos-related disease claims against Porter Hayden fell within "products hazards" coverage rather than "premises-operations" coverage, so that Porter Hayden was precluded from recovery under its "premises-operations" policies. In addition, the insurer argued that it was entitled to summary judgment with regard to all policies because Porter Hayden had allegedly failed to give it notice of each occurrence "as soon as practicable," as contemplated by the policies.

Commercial Union also filed a motion for partial summary judgment, based upon the missing policies. Commercial Union argued that Porter Hayden could not, as a matter of law, produce sufficient evidence of the existence, terms and conditions of the missing policies for Porter Hayden to establish coverage under the alleged policies.

The circuit court held hearings with respect to the various motions for summary judgment. In addition, the circuit court conducted a "court trial" in connection with Commercial Union's motion for partial summary judgment based on the missing policies. At the beginning of the "court trial," the circuit court made the following statement:

"The Court is going to hold *sub curia* the issue of the partial summary judgment regarding the lost policies and we will take testimony today on that issue, which is a Court trial on that issue."

While acknowledging that this procedure might not be in accordance with "the summary judgment rule,"[3] counsel for both sides acquiesced in the procedure.

On February 14, 1992, the circuit court issued a series of orders in the case. The court granted Porter Hayden's motion for partial summary judgment with respect to Com-

---

**3.** Maryland Rule 2–501.

mercial Union's obligation to defend and potentially to indemnify Porter Hayden under the 1948–1949 and 1949–1950 policies. In granting Porter Hayden's partial summary judgment motion, the trial court held that Maryland law applied to the insurance coverage issues in the case. The circuit court, by a series of separate written orders, denied each of Commercial Union's motions for summary judgment. The circuit court held that Porter Hayden's claims were not barred under the applicable statute of limitations, that the asbestos-related disease claims against Porter Hayden did not fall exclusively within "products hazard" coverage, and that Commercial Union had failed to establish that Porter Hayden's notice of occurrences had been untimely as a matter of law. Moreover, the circuit court held that Porter Hayden had produced sufficient evidence of the existence and terms of the missing policies so as to require a denial of Commercial Union's summary judgment motion with respect to those policies. The docket entries for February 14, 1992, after listing the above-described orders, read as follows: "Judgment in favor of the Pltff's—Porter Hayden Co., plus cost."

Shortly thereafter, Commercial Union filed two motions "to alter or amend judgment." One motion sought a modification of the award of attorneys' fees included in the order granting partial summary judgment in Porter Hayden's favor, and the other challenged the denial of Commercial Union's motion for summary judgment based on the statute of limitations. Each motion contained a footnote which stated as follows:

"In the decisions and orders entered by the Court on February 14, 1992, the Court denied four motions of Commercial Union and granted a *partial* summary judgment motion made by Porter Hayden. Given that only a partial summary judgment had been granted, and that such a ruling, *by definition*, does not resolve all factual and legal issues in the case, Commercial Union assumed no final judgment had been entered. Counsel for Commercial Union has been advised by the Clerk's Office, however, that final judgment was entered on the docket on February 14, 1992. Commercial Union accordingly makes this motion

pursuant to Maryland Rule 2–534[4].... Should the Court determine *sua sponte* that the entry of final judgment on the docket was inappropriate in light of the actual procedural posture of this case, Commercial Union would request that its motion be treated as a Motion for Reconsideration pursuant to Maryland Rule 2–602(a)(3)." [5]

The day after Commercial Union filed its motions to alter or amend the "judgment," one of Porter Hayden's attorneys sent a letter to the trial court, requesting "that final judgment be entered under Rule 2–601...." The letter suggested to the court that its February 14th decisions and orders did "dispose of all claims and defenses presented by the parties, and this matter now is ripe for entry of final judgment." In addition, the letter discussed Commercial Union's counterclaim, which had been stayed pending arbitration in February 1991. According to Porter Hayden's attorney, the decisions entered by the circuit court in February 1992, resolved the issues raised by the counterclaim. Consequently, Porter Hayden asked the circuit court to dismiss the counterclaim and enter final judgment.

On March 12, 1992, the circuit court decided Commercial Union's motions to alter or amend the judgment. In its written order, the court stated as follows:

"The Court has determined that the entry of final judgment on the docket on February 14, 1992 was inappropriate in light of the procedural posture of this case. Therefore, as per [Commercial Union's] request, the Court is treating

---

4. Maryland Rule 2–534 provides in part as follows:

"In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment."

5. Maryland Rule 2–602(a) provides that "an order or other form of decision ... that adjudicates fewer than all of the claims in an action ... (1) is not a final judgment; [and] ... (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties."

[Commercial Union's] Motions as Maryland Rule 2–602(a)(3) Motions rather than as Maryland Rule 2–534 Motions." The circuit court granted Commercial Union's motions in part, holding, with specified exceptions, that the statute of limitations barred coverage with respect to claims of which Porter Hayden had notice before September 21, 1987.[6] In addition, the trial court modified the award of attorneys' fees in favor of Porter Hayden, eliminating that portion of the award based upon Porter Hayden's efforts to establish the existence and terms of the missing policies. In a written order captioned "Final Judgment," the trial court directed the entry of judgment "[i]n accordance with Rule 2–601"[7] as follows:

"Judgment in favor of Plaintiff Porter Hayden Company with costs and attorneys' fees, in accordance with the Decisions and Orders entered by the Court on February 14, 1992, as modified by the Court on March 12, 1992.

"All declarations of insurance coverage sought by the Plaintiff in the Complaint and First Amended Complaint are hereby ORDERED, ADJUDGED and DECREED in accordance with the Decisions and Orders entered by the Court on February 14, 1992, and modified by the Court on March 12, 1992.

---

6. It is unclear from the record how many asbestos-related suits against Porter Hayden would not be covered by Commercial Union's insurance policies as a result of the circuit court's modification of its order. In a hearing on Commercial Union's motions to alter and amend the judgment, the trial judge stated that he believed that no suits would be affected. The lawyers for both Commercial Union and Porter Hayden disagreed with this conclusion. Nevertheless, there was no attempt at the hearing to determine how many suits against Porter Hayden would be ineligible for coverage under the modified order.

7. Maryland Rule 2–601 provides in part as follows:

"**RULE 2–601. ENTRY OF JUDGMENT**

"**(a) When Entered.**—Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the clerk shall enter the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs."

"Counterclaim DISMISSED without prejudice."

Despite the circuit court's recitation that "all declarations of insurance coverage sought by [Porter Hayden] in the Complaint" had been adjudicated, the trial court's declaration of Porter Hayden's right to coverage, even in light of the March 12th modifications, had been expressly limited to its rights under the 1948–1949 and 1949–1950 policies.

Commercial Union appealed to the Court of Special Appeals. In its appeal, Commercial Union argued that it had no duty under any policy of insurance to defend or indemnify Porter Hayden. Commercial Union's arguments on appeal were essentially those which it had presented to the trial court in its four motions for summary judgment. Commercial Union argued that Porter Hayden's action was time-barred, that Porter Hayden had failed to give timely notice of occurrences under the policies, that the claims involved were exclusively claims of "products hazard" coverage, and that the trial court "erroneously concluded that Porter Hayden demonstrated by 'clear and convincing' evidence the existence, terms and conditions of its alleged missing Commercial Union policies." (Commercial Union's brief in the Court of Special Appeals at 2).[8] In addition, Commercial Union challenged the trial court's award of attorneys' fees to Porter Hayden.

Porter Hayden cross-appealed. Porter Hayden challenged that portion of the trial court's order which had held that the statute of limitations barred Porter Hayden from coverage

---

**8.** Commercial Union's statement of its argument on appeal seems to have mischaracterized the trial court's decision. In its motion for partial summary judgment concerning the missing policies, Commercial Union had taken the position that Porter Hayden could not, as a matter of law, establish the terms and conditions of the missing policies by clear and convincing evidence. In denying the motion, the trial court held that Porter Hayden had "produced sufficient evidence to meet its burden of producing clear and convincing evidence necessary for it to go forward with its claims concerning the 'lost policies.'" Thus, the trial court apparently determined only that Porter Hayden could go to trial on its claims under the missing policies and not, as Commercial Union suggested in its brief to the Court of Special Appeals, that Porter Hayden had established the terms and conditions of the missing policies by clear and convincing evidence.

with respect to certain asbestos-related claims. Furthermore, Porter Hayden contested the trial court's decision not to award Porter Hayden its attorneys' fees in connection with the litigation involving the missing policies.

The Court of Special Appeals purported to reverse the "judgment" of the circuit court. *Commercial Union Ins. v. Porter Hayden*, 97 Md.App. 442, 630 A.2d 261 (1993). After determining that the controversy between the parties should be resolved under New York law, the intermediate appellate court stated that "Porter Hayden's notice [of occurrences] to Commercial Union was not given within a reasonable time and, thus, was untimely as a matter of law." 97 Md.App. at 470, 630 A.2d at 275. According to the position taken by the Court of Special Appeals, Commercial Union would have no duty to defend or indemnify Porter Hayden under any policy of liability insurance allegedly issued to Porter Hayden between 1941 and 1953.

Porter Hayden moved for reconsideration. In light of Porter Hayden's arguments, the Court of Special Appeals, in an unreported opinion, modified its judgment and remanded the case to the circuit court for a determination of whether Commercial Union had waived its right to rely on New York law and on the defense of lack of notice.

Porter Hayden petitioned this Court for a writ of certiorari.[9] Porter Hayden presented issues relating to whether Maryland or New York law should apply to the insurance coverage dispute, and whether Porter Hayden had provided Commercial Union with timely notice of occurrences in connection with the asbestos-related claims. We granted the petition, 333 Md. 201, 634 A.2d 62 (1993), and we shall direct that the appeal be dismissed.

■ The jurisdiction of Maryland's appellate courts is generally limited to appeals taken from final judgments or from a

---

9. In its petition, Porter Hayden stated that "[t]he original judgment entered by the trial court adjudicated all claims in the action...." *See* Maryland Rule 8-303(b)(5).

few appealable interlocutory orders. *See* Maryland Code (1974, 1995 Repl.Vol.), §§ 12–301 and 12–303 of the Courts and Judicial Proceedings Article. Commercial Union's and Porter Hayden's appeals to the Court of Special Appeals were based upon the circuit court's orders granting Porter Hayden's motion for partial summary judgment, denying each of Commercial Union's motions for summary judgment and, in its order captioned "Final Judgment," dismissing Commercial Union's counterclaim.

Maryland Rule 2–602 provides that a judgment, "however designated," is not a final judgment unless it disposes of the entire action before the circuit court. Rule 2–602(a) thus states as follows:

"(a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties."

Moreover, as this Court stated in *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767, 774 (1989), a final judgment

"must necessarily be unqualified and complete, except as to something that would be regarded as collateral to the proceeding. It must leave nothing more to be done in order to effectuate the [trial] court's disposition of the matter."

*See also Medical Mutual v. Evander,* 331 Md. 301, 628 A.2d 170 (1993); *Estep v. Georgetown Leather,* 320 Md. 277, 282, 577 A.2d 78, 80 (1990) (a final judgment "must settle the rights of the parties, thereby concluding the cause of action"); *Planning Board v. Mortimer,* 310 Md. 639, 649–651, 530 A.2d 1237,

1240–1243 (1987), and cases there cited. Consequently, in order to constitute a final judgment in the present case, the circuit court's orders with respect to Porter Hayden's motion for partial summary judgment, Commercial Union's motions for summary judgment and Commercial Union's counterclaims, taken together, would have to dispose of the entire action before the court.

The circuit court granted Porter Hayden's motion for partial summary judgment. In that motion, Porter Hayden sought a declaration of Commercial Union's obligations under the two policies of insurance submitted by Porter Hayden. In its complaint, however, Porter Hayden had asked the trial court for a declaratory judgment with respect to all of the policies of insurance allegedly issued by Commercial Union to Porter Hayden, including the "missing policies." Thus, the trial court's declaration with respect to the two policies of insurance covering the years 1948–1949 and 1949–1950 resolved only part of Porter Hayden's action.

As Rule 2–602 makes clear, an order which "adjudicates fewer than all of the claims in an action ... or that adjudicates less than an entire claim ... is not a final judgment" unless it is properly certified as final pursuant to Rule 2–602(b).[10] The circuit court in the present case did not purport to certify its judgment under Rule 2–602(b). Consequently, the trial court's grant of Porter Hayden's motion for partial summary judgment, standing alone, was not a final judgment in the action.[11]

---

**10.** Rule 2–602(b) provides for the certification of final judgment as follows:

"**(b) When Allowed.**—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only."

**11.** We recognize that an appellate court may, in its discretion, enter final judgment on its own initiative where "the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b)...." Maryland Rule 8–602(e). We shall not do so in the

In addition to granting Porter Hayden's motion for partial summary judgment, the circuit court also dismissed Commercial Union's counterclaims. As earlier explained, the counterclaims involved coverage for asbestos-related suits filed against Porter Hayden before 1987, which were allegedly covered by the settlement agreement reached in the earlier coverage litigation. Thus, as Commercial Union itself stated, the counterclaim sought rulings "as to [Commercial Union's] coverage obligations for asbestos-related disease claims filed against Porter Hayden not subsumed by the Complaint." The dismissal of Commercial Union's counterclaim therefore did not dispose of the coverage issues relating to suits filed against Porter Hayden beginning in 1987, which were the subject of Porter Hayden's complaint. Consequently, in dismissing the counterclaim the circuit court resolved only a portion of the action before it.

▪ Unlike Porter Hayden's motion for partial summary judgment and Commercial Union's counterclaims, three of Commercial Union's motions for summary judgment did seek relief which would have disposed of the entire action before

---

present case. Since the record is not fully developed, it is not clear that Porter Hayden's attempt to establish coverage for each policy year can meaningfully be characterized as a separate "claim" for final judgment purposes, where the underlying suits against Porter Hayden generally allege exposure to asbestos over a prolonged time period. Thus, it is uncertain whether the circuit court's order limited to the two policies is final with respect to an entire claim or party, *see, e.g., Medical Mutual v. Evander,* 331 Md. 301, 308–309, 628 A.2d 170, 173–174 (1993); *Planning Board v. Mortimer,* 310 Md. 639, 654, 530 A.2d 1237, 1245 (1987); *Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984); *East v. Gilchrist,* 293 Md. 453, 458, 445 A.2d 343, 345 (1982); *Biro v. Schombert,* 285 Md. 290, 294, 402 A.2d 71, 74 (1979), and cases there cited. Moreover, even if there were no question that Rule 2–602(b) could be invoked in the present case, certification nonetheless would seem to be inappropriate. In deciding whether to certify an otherwise non-final judgment under Rule 2–602(b), courts must "balance the exigencies of the case before them with the policy against piecemeal appeals...." *Diener Enterprises v. Miller,* 266 Md. 551, 556, 295 A.2d 470, 473 (1972). *See also Wilde v. Swanson,* 314 Md. 80, 87, 548 A.2d 837, 840 (1988); *Planning Board v. Mortimer, supra,* 310 Md. at 648, 530 A.2d at 1241–1242. In the present case, there seems to be no reason to favor an early appeal.

the court. In each summary judgment motion, Commercial Union sought a declaration that it had no obligation, under any policy of insurance, to defend or indemnify Porter Hayden in any asbestos-related litigation, regardless of when suit was filed. The trial court, however, denied Commercial Union's motions for summary judgment. In light of the requirement that an appealable judgment have "a characteristic of finality," *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984), it is well established in Maryland that the denial of a motion for summary judgment is ordinarily not a final judgment from which an appeal may be taken. In *Lawrence v. Dept. of Health*, 247 Md. 367, 371, 231 A.2d 46, 48 (1967), this Court explained as follows:

"Denial of a [litigant's] motion for summary judgment is not a final order from which an appeal to this Court will lie. Like the denial of a motion raising preliminary objections, *Middleman v. Maryland–National Capital Park and Planning Comm'n*, 232 Md. 285, 192 A.2d 782 (1963) . . . the denial here involved did not determine the appellants' claim adversely to their contention or deprive them of the means of proceeding further to assert and enforce that claim."

*Accord: Merchants Mortgage Co. v. Lubow*, 275 Md. 208, 212, 339 A.2d 664, 667 (1975) ("a *denial* of [a] motion for summary judgment is an interlocutory order, which is not appealable and cannot be made so"). *See also Three Garden v. USF & G*, 318 Md. 98, 108, 567 A.2d 85, 90 (1989); *Biro v. Schombert*, 285 Md. 290, 402 A.2d 71 (1979). *Cf. Mandel v. O'Hara*, 320 Md. 103, 134, 576 A.2d 766, 781 (1990).

The circuit court's denial of Commercial Union's motions for summary judgment in the present case did not terminate the litigation or prevent Commercial Union from further defending its case. Rather, the trial court's decisions merely reflected its determination that the issues presented in the motions should be resolved at trial. Even where there is no dispute as to the material facts, and the "technical requirements for the entry of [summary] judgment have been met," a Maryland trial court has the discretion to deny a litigant's motion for summary judgment. *Metropolitan Mtg. Fd. v.*

*Basiliko,* 288 Md. 25, 28, 415 A.2d 582, 584 (1980). As Judge J. Dudley Digges explained for the Court in *Metropolitan Mtg. Fd. v. Basiliko, supra,* 288 Md. at 29, 415 A.2d at 584, "a denial (as distinguished from a grant) of a summary judgment motion . . . involves not only pure legal questions but also an exercise of discretion as to whether the decision should be postponed until it can be supported by a complete factual record. . . ." *See also Three Garden v. USF & G, supra,* 318 Md. at 108, 567 A.2d at 90 (even where the denial of one party's motion for summary judgment is contended to be tantamount to a grant of summary judgment in favor of the opposing party, "the trial court's discretion to deny or defer ruling ordinarily prevents an appellate court from directing that summary judgment be granted").

■ Under certain circumstances, the denial of a motion for summary judgment may be appealable under the collateral order doctrine. *See Mandel v. O'Hara, supra,* 320 Md. at 134, 576 A.2d at 781. *See generally Montgomery Co. v. Stevens,* 337 Md. 471, 477, 654 A.2d 877, 880 (1995); *Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 477 A.2d 759 (1984). Nevertheless, the collateral order doctrine is clearly inapplicable to the present case.

It is apparent that the orders entered by the circuit court in the present case did not finally dispose of the action. In particular, numerous issues appear to be open with respect to the missing policies. Consequently, since no final judgment was entered in the case, we shall direct that the appeal be dismissed.[12]

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS THAT THE APPEAL BE DISMISSED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE EQUALLY DIVIDED.*

---

12. Should additional disputes with respect to choice of law arise in the circuit court, we draw the attention of the parties to this Court's recent decision in *American Motorists Insurance Co. v. ARTRA Group, Inc.,* 338 Md. 560, 659 A.2d 1295 (1995).